## No. 25709

**The People of the State of Colorado v. Billie L. Penson**
(520 P.2d 110)

Decided March 11, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Epstein, Lozow and Preblud, P.C., Gary Lozow, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

Appellant was convicted in Denver District Court of assisting in the management of a house of prostitution, C.R.S. 1963, 40-9-11. We affirm.

Appellant was an employee at a purported shoeshine parlor. An undercover officer of the Denver vice squad was having his shoes shined when two females came through and went into an adjoining room.

The officer testified that the appellant said, "You can have a good time with either of the two girls if you pay for it." The officer left ostensibly to get more money, promising to reurn. He then went to the police station, enlisted the aid of two fellow officers, and returned. The undercover officer gave appellant some money, went into the adjoining room, and joined one of the two girls whom he previously had seen go through the shoesine parlor. The girl partially disrobed and said "Let's go"; the fellow officers entered and arrested appellant.

Appellant testified to a contrary version. He contends the officer solicited him about the availability of a prostitute. After some discussion, both the officer and appellant departed. When appellant returned, he found the officer talking with the girls. When the officer asked appellant about the availability of the girls, appellant answered, "They have their own private lives." Appellant testified that the acts took place without his receiving any money from the officer or even speaking to the girl on the officer's behalf. According to appellant, the officer took it upon himself to go into the adjoining room.

I.

On appeal to this court, appellant's first contention is that the trial court erred in failing to submit an instruction on entrapment. We do not agree.

The trial court correctly refused appellant's instruction. In every respect, the appellant's testimony was a complete denial that he had any connection with the arrangement made by the officer with the girl and further showed that the officer's conduct did not contribute to any of his actions. Thus, while appellant should not be required to admit guilt to obtain such an instruction, his theory of entrapment must be supported by some evidence of instigation of the offense by the officer. *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46 (1969). There was no such evidence in this case, and no error was committed by the trial court's refusal to submit the instruction.

II.

As his second assignment of error, appellant contends the trial court erred in denying a defense motion for acquittal, the People having failed to make out a prima facie case of a violation of the statute. We have reviewed the record and find no merit to this argument. The testimony of the police officer, though contradicted by appellant, was believed by the jury. It established commission of the crime.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.